# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1007-18T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

AMALIA MIRASOLA, a/k/a
AMALIA ACEVEDO, AMALI
MIRASOLA, and AMALIA
MIRASOLAACEVEDO,

      Defendant-Appellant.

_____

Argued November 18, 2019 – Decided  December 4, 2019

Before Judges Fasciale and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Indictment No. 11-02-0201.

Ruth Elizabeth Hunter, Designated Counsel, argued the cause for appellant (Joseph E. Krakora, Public Defender; attorney; Ruth Elizabeth Hunter on the brief).

John K. McNamara, Jr., Chief Assistant Prosecutor, argued the cause for respondent (Fredric M. Knapp,

Morris County Prosecutor, attorney; John K. McNamara, Jr., on the brief).

PER CURIAM

Defendant appeals from a July 12, 2018 order denying her petition for post-conviction relief (PCR).[1]  Defendant maintains that her trial counsel rendered ineffective assistance.  The PCR judge entered the order and rendered a twenty-four page written opinion.

On appeal, defendant raises the following arguments:

> POINT I
>
> THE PCR [JUDGE] SHOULD HAVE ALLOWED DEFENDANT TIME TO OBTAIN CRITICAL MEDICAL RECORDS AND ADDITIONAL FUNDING FROM THE OFFICE OF THE PUBLIC DEFENDER FOR AN EXPERT BECAUSE EXPERT SERVICES WERE NECESSARY FOR HER DEFENSE.
>
> POINT II
>
> THE PCR [JUDGE] ERRED IN DENYING THE PETITION WITHOUT AN EVIDENTIARY HEARING BECAUSE DEFENDANT "PRESENT[ED] A REASONABLE BASIS TO BE PERMITTED A HEARING TO EXPLORE FURTHER

---

[1] In January 2013, a jury found defendant guilty of first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (a)(2); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a).  We affirmed the convictions, State v. Mirasola, No. A-3639-12 (App. Div. Nov. 25, 2015) (slip op. at 1), and the Supreme Court denied certification, State v. Mirasola, 224 N.J. 526 (2016).

THE POSSIBILITY OF" MENTAL DEFENSES.  SEE
STATE v. HARRIS, 181 N.J. 391, 528 (2004).

We conclude that these arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth by the PCR judge in her well-reasoned written decision and add the following brief remarks.

A defendant is entitled to an evidentiary hearing only when he or she "has presented a prima facie [case] in support of [PCR]," State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (emphasis omitted) (quoting State v. Preciose, 129 N.J. 451, 462 (1992)), meaning that a "defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." Ibid.  For a defendant to obtain relief based on ineffective assistance grounds, he or she is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his or her right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey, now known as the Strickland/Fritz test).  Defendant has failed to present such a prima facie case of ineffectiveness.

It is undisputed that defendant possessed the gun and shot and killed her husband.  The question for the jury was whether she did so purposefully and

knowingly or whether it was in self-defense.  Mirasola, slip op. at 4.  Although defendant contends that she lacked the mental capacity to commit the murder and therefore that her trial counsel failed to develop such a defense, trial counsel employed strategy by utilizing the defense of self-defense.  Indeed, trial counsel investigated the possibility of a diminished capacity defense and consulted with experts, but was unable to produce any experts, medical records, or evidence at trial to demonstrate that defendant shot her husband because of her purported mental incapacity.

Defendant also maintains that her trial counsel failed to develop her defenses of self-defense and defense of others.  But the PCR judge—agreeing with the State that defense counsel "followed the necessary protocol" as to the defense—pointed out that the jury rejected defendant's theory.  The PCR judge also agreed with the State that not testing the blood on defendant's clothes would not have supported a self-defense claim, particularly because defendant had no wounds, bruising, or scarring the morning after the murder.  And as to the defense of others contention, the jury heard evidence that defendant allowed her daughter and her husband to travel together—overnight—despite defendant's purported concerns about her husband abusing their daughter.  The jury also heard evidence that defendant shot her husband hours after their daughter told

A-1007-18T1

him to "[g]et off me," and after defendant and her husband watched television together.

Finally, in April 2016, defendant filed her petition for PCR. Her PCR counsel withdrew the petition without prejudice and re-filed it in March 2018. The PCR judge conducted oral argument and rendered her written decision in July 2018. There was no request to adjourn the oral argument, and defendant's contention that the judge should have given her more time to prepare for the PCR argument is without merit.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-1007-18T1